77,638-12

Mr. NKrumah Lumumba Valier
TDCJ-No. 1546714
James V. Allred Unit
2101 FM 369 N
Iowa Park, Texas 76367

July 17, 2015

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 27 2015
Abel Acosta, Clerk
MOTION DENIED
DATE: 7-29-15
BY: DC

To: Clerk
  Court Of Criminal Appeals Of Texas
  P.O. Box 12308, Capitol Station
  Austin, Texas 78711

Re: Cause no. 1150625-E; WR-77,638-12

Dear ~~Clerk~~ Clerk:

Please find enclosed Applicant's Motion To Appeal and File.

Please bring it to the Court's attention that I am requesting a separate review of the writ of habeas corpus because the State Court's Finding of Facts were "in correct" when the newly discovered evidence provided by the Asst. Attorney General Melissa L. Hargis established that Judge Vanessa Velasquez in the 183rd District Court lacked jurisdiction over this subject matter and the Applicant rendering the indictment "Void" and sentence when Judge Jan Krocker in the 184th District Court is the trial judge in cause no. 1150625. White carding my habeas corpus without a written order is denying me a remedy to the miscarriage of justice in the State Court proceedings that resulted in the incarceration of a person who is actually innocent. Please give a written response to all rulings of the Court in this matter.

Thank you for any and all assistance in this matter.

Respectfully,
Mr. NKrumah Lumumba Valier

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NKRUMAH LUMUMBA VALIER,
    Applicant

    Tr. Ct. No. 1150625-E

v.

    WR-77,638-12

The State OF Texas

## APPLICANT'S MOTIONS TO APPEAL THIS COURT'S DECISION TO DIMISS WITH OUT WRITEN ORDER ONS THE BAIS OF FAILING TO ADDRESS THE MERITS RELAYING ONS THE STATE COURT'S INS CORRECT FINDING OF FACT.

The Applicant NKrumah Lumumba Valier, TDCJ-NO. 1546714 now Files his Motion To Appeal and challenge the State's Finding OF Fact. And Conclusion to be in correct. And assert the State Judge in the 183 District Court lacked jurisdiction OF the subject matter over the person OF the Applicant in the State Court proceeding, and would show the Court the Following in support of motion:

### I.

The Factual predicate For the claim could not have been discovered previously through the exercise of due diligence; and oF the Facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but For constitutional error no reasonable Fact Finder would have Found the Applicant guilty of the underlying OFFense.

Newly discovered evidence exhibit "D" was not available at time of Filing the initial habeas corpus Article 11.07 in cause no. 1150625-B. On March 19, 2014 Asst. Attorney General Melissa L. Hargis established that Judge Jan Krocker in the 184th District Court oF Harris County, Texas was the trial Judge in cause no. 1150625. Thus the indictment Filed on April 7, 2008 in the 183rd District Court, all actions taken and rulings passed down by Judge Vanessa Velasquez in the 183rd District Court is rendered "VOID" when she lacked jurisdiction of subject matter over the person of the Applicant in the State Court proceeding.

1

The Applicant's right to Due Process was violated due to the States Suppression of exculpatory and material information within it's possession at the time in violation of the Constitution or Laws of The United States Amendment 4 and 14.

Under Brady v. Maryland, 373 U.S. 83, 10 L.Ed. 83 S.Ct. 1194 (1963), The United States Supreme Court has held that the prosecution has a due process obligation under Federal Constitution to disclose material evidence favorable to a criminal defendant. Whether a Brady violation occured is a two part inquiry. First, the prosecution must have failed to disclose "evidence favorable to an accused" that is relevant to guilt or punishment.

The adverse effect that the non-discloser of evidence rendered the appointed counsel unconstitutionally ineffective in his legal representation of the Applicant denying him a fair trial. Depriving the Applicant his Sixth Amendment of the United States Constitution, right to effective assistance of counsel at trial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

The State failure to disclose prevented the appointed counsel from objecting to the illegally obtained DNA evidence obtained in July 2005 prior to Judge Jan Krocker in the 184th District Court issuing the Court Order to obtain a sample of the Applicant's DNA for testing in the primary case cause no. 1030025 and cause no. 1150625. Resulting in the Applicant being convicted for a felony offense of aggravated sexual assault with the use of DNA evidence obtained in violation of the Constitution or Laws of the United States Amendment 4. A crime the Applicant is "Actually Innocent" of. Had the appointed counsel motion to exclude the illegally obtained DNA evidence pursuant to Tex. Code Crim. Proc. Ann. Art. 38.23 (a) no reasonable fact finder would have found the Applicant guilty of the underlying offens.

For the Court of Appeals of Texas to allow this conviction to stand would violate the United States Constitution. When the petitioner was denied a fair trial and the evidence was in sufficient to establish beyond a reasonable doubt that the Petitioner committed the offense of aggravated sexual assault of Tiffany Rogers. When she testified she gave the petitioner consent. She never identified the petitioner and excluded him when the police officer showed her the petitioner's picture by itself in January 2008. The State never found the petitioner in possession of a gun. Nor was a gun presented as evidence. No witness placed the petitioner at the scene of the scene of the alleged crime on May 16, 2005 at 12AM. The State failed to produce any evidence linking the petitioner to the white car the alleged crime scene. The State failed to produce the white car to establish that a crime actually occured inside the car as Tiffany Rogers alleged. The State failed to produce any evidence to support

2

the offense the petitioner was unconstitutionally deprived of his liberty for.

## II.

Newly discovered evidence exhibits "B" and "C" was not made available at time of filing the first Artile 11.07 in cause no. 1150625. Newly discovered evidence exhibit "B" was not made available to the petitioner until January 23, 2014 when Cordelia Rogers a relative of Tiffany Rogers filed child support against the Petitioner established that he was the natural father of Caleb Rogers her son. And Joe Ray Alvarez made Newly discovered evidence exhibit "C" available on April 29, 2014, that both Newly discovered evidence established by clear and convincing evidence that Tiffany Rogers testimony evidence was false.

The petitioner insist "the Facts" pertinent to the habeas application are "not correct" and the State knowingly engaged in misconduct to wrongfully convict the petitioner for a felony offense they knew he was innocent of. See Townsend v. Sain, 372 U.S. 293. We hold when "the habeas applicant was afforded a full and fair hearing by the State Court resulting in reliable findings" "the District Court ordinarily should except the facts as found" by the State Court Judge. id., at 318. However, "if the habeas applicant did not recieve a full and fair evidentiary hearing in State Court, either at time of trial or on collateral proceeding" we held that the Federal Court, "must hold an evidentiary hearing" to resolve any facts that "are in dispute". Id. at 312. We further "explained the controling criteria" by enumerating six circumstances "(1) the merits of the factual dispute were not resolved in the State hearing; (2) the State factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the State was not adequate to afford a full and fair hearing. (4) there is a substantial allegations of newly discovered evidence; (5) the material facts were not adequately developed at the State-Court hearing; or (6) for any reason it appears that the State trier of fact did not afford the habeas applicant a full and fair fact hearing". Id., at 313 (emphasis added).

Applicant is being denied his rights to due process on the State level when the merits of the factual dispute were not resolved in the State hearing. The fact finding procedure employed by the State was not adequate to afford a full and fair hearing. The material facts were not adequately developed at the State court hearing. The 183rd District Court lacked jurisdiction of subject matter or over person of the applicant in the State court proceeding. The applicant was indigent and the State Court deprivation of his right to appointed counsel to represent him in the State court proceeding. The applicant did not recieve a full, fair and adequate hearing in State court proceeding. And the applicant was denied due process in the State Court hearing. See Miller v. Fenton, 474 U.S. 104, 111 (1985).

3

## Prayer For Relief

Wherefore PREMISES CONSIDERED, the Applicant, pro se prays that the Court OF Criminal Appeals OF Texas GRANT Motion To Appeal The Decision To Dismiss Without Writen Order. And Review the Application on It's Merits then Grant the Applicant the relief he is entitled to by Ordering his immediate release From prison.

Date Executed On: July 17, 2015

Respectfully Submitted,
Mr. NKrumah Lumumba Valier

## Inmate's Declaration

I, NKrumah Lumumba Valier, TDCJ-No. 1546714, the Applicant pro se being presently incarcerated at the James V. Allred Unit 2101 FM 369 N, Iowa Park, Texas 76367 sware that the foregoing under penalty OF perjury that the Foregoing is true and correct.

Date Executed On: July 17, 2015

Respectfully submitted,
Mr. NKrumah Lumumba Valier

## Certificate OF Service

I, NKrumah Lumumba Valier, TDCJ-No. 1546714, the Applicant, prose here by declare that a clear and correct copy OF this Motion was sent out pre-paid postage through U.S. Postal Services to be served on Abal Acosta-Clerk, Court OF Criminal Appeals OF Texas P.O. BOX 12308 Capital Station Austin, Texas 78711 on the 17th day OF July, 2015

Respectfully submitted,
Mr. NKrumah Lumumba Valier

Mr. NKrumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro Se
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

4